UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CRYSTAL CZERNO, Individually and as Parent and Natural Guardian of C.L., a minor<br><br>*Plaintiff,*<br><br>v.<br><br>GENERAL ELECTRIC COMPANY, et al.<br><br>*Defendants.* | CIVIL ACTION NO. 3:23-cv-30099-MGM<br><br>**Leave to file granted on July 1, 2024** |

**PLAINTIFF'S BRIEF IN FURTHER SUPPORT OF PLAINTIFF'S
MOTION TO REMAND**

The inclusion of the words "remediate" and "remediation" in plaintiff's complaint does not support federal-officer jurisdiction. Nor does the complaint's reference to the EPA consent decree, which is merely a minimum federal standard that GE is required to follow.[1]

In *West Virginia State University Board of Governors v. Dow Chemical Co.*, 23 F.4th 288 (4th Cir. 2022), a university filed a complaint in state court bringing state-law claims against a chemical company for carcinogenic groundwater contamination. The plaintiff explicitly alleged throughout the complaint that the defendant had failed to properly "remediate" the site. *See* Compl. ¶¶ 31, 35(a), 35(d), 35(e), 35(f), 42, 43, 105, *West Va. State Univ. Bd. of Gov. v. Dow Chem. Co.*, 2:17-cv-03558 (S.D. W. Va.), attached as Exhibit "A." Just like in this case with GE, in *West Virginia*, the EPA had previously issued a corrective action order mandating the chemical company remediate the site in accordance with EPA specifications. *See West Virginia*, 23 F.4th at 293.

---

[1] This was an argument fervently pressed by counsel for GE during oral argument on June 25, 2024. However, as explained throughout this brief, GE's argument is unsupported and, in fact, contradicted by applicable caselaw.

Identical to GE's tactic here, the chemical company-defendant in *West Virginia* filed a notice of removal, arguing that there was federal jurisdiction under the federal-officer statute, 28 U.S.C. § 1442, because the plaintiff's complaint challenged "remediation" that was covered and subsumed by a pre-existing EPA order. *See id.* at 297 (referencing defendant's argument that there is jurisdiction under § 1442 because the plaintiff's "claims expressly challenge the adequacy of Defendants' remediation efforts . . . and so relate to Defendants' performance of the EPA-directed cleanup"). The plaintiff filed a motion to remand, which the district court granted, ruling the Court did not have jurisdiction. *Id.* at 296.

On appeal, the U.S. Court of Appeal for the Fourth Circuit affirmed the district court's remand of the case to state court. In so doing, the Court firmly rejected the defendant's "remediation" argument, emphasizing that the defendant's compliance with the EPA order merely "represents its adherence to minimum remedial measures" which are insufficient to confer federal jurisdiction. *Id.* at 304. As the Court aptly reasoned: "Ultimately, we find Defendants' arguments unpersuasive because they would impermissibly expand the federal removal statute by blurring the line in *Watson* carefully delineated where 'a private firm's compliance (or noncompliance) with federal laws, rules, and regulations *does not by itself* fall within the scope of the statutory phrase 'acting under' a federal 'official.'" *Id.* (quoting *Watson v. Philip Morris Co.*, 551 U.S. 142, 153 (2007)). This was so even though the Court acknowledged that the defendant had "complied with the EPA's remedial measures." *Id.* at 305.[2]

In *City of Brunswick v. Honeywell International, Inc.*, 22-cv-00132, 2023 WL 5671290 (S.D. Ga. Sept. 1, 2023), the plaintiff filed state-law claims against a chemical company in state court for polluting its city with polychlorinated biphenyls ("PCBs"). Just like here, the plaintiff's

---

[2] Notably, the *West Virginia* decision was rendered in 2022, over a decade after the Removal Clarification Act of 2011—a law that counsel for GE argued loosened the standard for obtaining federal-officer jurisdiction.

complaint in *City of Brunswick* explicitly alleged that the defendant failed to properly "remediate" the site the company had polluted with PCBs. *See* Compl. ¶¶ 57–58, 60, 67, 69, 96, *City of Brunswick v. Honeywell Internat'l, Inc.*, 22-cv-00132, 2023 WL 5671290, attached as Exhibit "B." In fact, the plaintiff's complaint specifically referenced CERCLA (the law that GE argues supports federal jurisdiction here). *Id.* ¶¶ 96–98. Just like in this case, the defendant in *City of Brunswick* was subject to an EPA consent decree that had previously been entered and which mandated certain remediation measures be taken by the defendant. *See* City of Brunswick Consent Decree, attached as Exhibit "C."

Identical to GE's tactic here, the defendant in *City of Brunswick* filed a notice of removal arguing that there was federal jurisdiction under the federal-officer statute, 28 U.S.C. § 1442, because the plaintiff's "claims are connected or associated with Defendants' decades-long investigation and remediation of environmental contamination . . . under the direction and oversight of the [EPA]." *City of Brunswick*, 2023 WL 5671290, at *2. Just like GE, the defendant in *City of Brunswick* also argued that CERCLA supported federal jurisdiction. *Id.* at *3. The plaintiff filed a motion to remand, which the district court granted, sending the case back to state court.

Just as plaintiff has argued before this Court, in *City of Brunswick*, the plaintiff pointed out that "Defendants released pollutants even before EPA was involved, and the Complaint does not allege the pollution was done under the direction and control of the EPA." *Id.* The district court in *City of Brunswick* found that "Defendants have not identified how the Consent Decree, federal regulations, or federal officers required them to cause the pollution." *Id.* The same rationale applies here. Just like the defendant's PCB pollution in *City of Brunswick*, GE's PCB pollution of Pittsfield began long before the EPA first became involved in 2000. In the same vein, GE has never

3

identified—because it cannot—how the Pittsfield consent decree required or ordered GE to pollute the City of Pittsfield with PCBs, as GE in fact did for decades preceding any federal or EPA involvement.[3]

Just like this case, *West Virginia* and *City of Brunswick* involved lawsuits brought in state court against chemical companies who had previously been ordered by the EPA to remediate polluted sites. The plaintiffs' complaints in these cases expressly criticized the defendants' "remediation" efforts. Nevertheless, in both cases, the courts correctly concluded that there was no federal-officer jurisdiction because the defendants had failed to satisfy the first prong of its burden: that the defendant was "acting under" a federal officer's authority.

The same is true here. GE has miserably failed to satisfy its burden of demonstrating that GE was acting under a federal officer's authority when it polluted Pittsfield with PCBs for decades before any federal or EPA involvement. And, as *West Virginia* and *City of Brunswick* make clear, the EPA's consent decree that it entered in 2000 does not magically transform this case into one where there is federal jurisdiction. The resounding rejection of this argument by the courts in *West Virginia* and *City of Brunswick* was firmly rooted in the U.S. Supreme Court's well-established pronouncement that:

> A private firm's compliance (or noncompliance) with federal laws, rules, and regulations *does not by itself* fall within the scope of the statutory phrase "acting under" a federal "official." And that is so *even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored.*

*See West Virginia*, 23 F.4th at 301 (quoting *Watson*, 551 U.S. at 153); *see also City of Brunswick*, 2023 WL 5671290, at *3 (citing *Watson* for the proposition that "the EPA supervising Defendants'

---

[3] Just like the Fourth Circuit's *West Virginia* decision, the *City of Brunswick* decision came out well over a decade after Congress passed the Removal Clarification Act of 2011.

4

activities is not sufficient to demonstrate they acted under a federal officer"). This Court should apply the same reasoning as did the courts in *West Virginia* and *City of Brunswick*.

At oral argument, GE's counsel harped on the fact that GE believes it has a "colorable" preemption defense under CERCLA. This argument is a red herring, and ignores the proscribed legal framework of the federal-officer statute. As the U.S. Court of Appeals for the First Circuit has made clear, GE bears the burden of demonstrating *each of the following* three elements in order to obtain removal to federal court here: (1) GE was "acting under a federal officer's authority"; (2) GE's charged conduct was carried out "for or relating to" the asserted official authority; and (3) GE "will assert a colorable federal defense to the suit." *Moore v. Electric Boat Corp.*, 25 F.4th 30, 34 (1st Cir. 2022). GE counsel's performance at oral argument conveniently ignored the first of these two elements. If this Court were to accept the law the way that GE's counsel laid it out at oral argument, as soon as GE asserts it has a colorable federal defense under CERCLA, GE has met its burden of establishing federal-officer jurisdiction. But that simply is not true. GE's argument is akin to suggesting that, once you put four wheels onto a car, that car can drive (even if the car is missing an engine and has no gasoline).

WHEREFORE, based on all the foregoing, and all the arguments outlined by plaintiff at oral argument and in previously filed briefing, plaintiff respectfully requests the Court to grant plaintiff's motion to remand to state court.

Respectfully submitted:

By: */s/ Thomas E. Bosworth*
THOMAS E. BOSWORTH, ESQ.
(Admitted *Pro Hac Vice*)
BOSWORTH LAW, LLC
123 S. Broad St., Suite 1100
Philadelphia, PA 19109
Tel.: 267-928-4183

5

                              Email: tom@tombosworthlaw.com

By:   */s/ John B. Stewart*
      John B. Stewart (BBO #551180)
      JOHN B. STEWART, P.C.
      73 Chestnut Street, Suite 310A
      Springfield, MA 01103
      Tel.: 413-206-9134
      Email: TheTrialer@aim.com

Dated: July 3, 2024

**CERTIFICATE OF SERVICE**

    I certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the ECF system and paper copies will be sent to those indicated as non-registered participants on July 3, 2024.

                                           By: */s/ Thomas E. Bosworth*
                                                 THOMAS E. BOSWORTH, ESQ.

Dated: July 3, 2024